IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 25-cv-00576-PAB-SBP

JAMES O'CONNOR, Derivatively on behalf of Crocs, Inc.,

     Plaintiff,

v.

THOMAS J. SMACH,
ANDREW REES,
RONALD L. FRASCH,
CHARISSE FORD HUGHES,
BETH J. KAPLAN,
IAN M. BICKLEY,
DOUGLAS J. TREFF,
JOHN REPLOGLE,
NEERAJ TOLMARE,
ANNE MEHLMAN,
SUSAN HEALY, and
CROCS, INC., Nominal Defendant,

     Defendants.

---

## ORDER

---

This matter comes before the Court on Plaintiffs' Unopposed Motion for Consolidation and Appointment of Co-Lead Counsel [Docket No. 5], filed by plaintiffs James O'Connor and The Berger Trust, who is the plaintiff in the case *The Berger Trust v. Rees*, 25-cv-00597-PAB-SBP ("*The Berger Trust*"). Plaintiffs move to consolidate this case with *The Berger Trust* and move for the appointment of Co-Lead Counsel. *See* Docket No. 5 at 2. Defendants do not oppose consolidation and take no position on the appointment of Co-Lead Counsel. *See id.* at 3.

### A. Motion to Consolidate

Rule 42 of the Federal Rules of Civil Procedure permits consolidation when cases "involve a common question of law or fact." Fed. R. Civ. P. 42(a). The decision whether to consolidate actions involving common questions of law or fact is committed to the sound discretion of the district court. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). The purpose of Rule 42(a) is "to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Breaux v. American Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 C. Wright & A. Miller, Federal Practice & Procedure § 2381 at 427 (2d ed. 1995)). Therefore, the Court considers both judicial economy and fairness to the parties in exercising its discretion under Rule 42(a). *See Harris v. Illinois-California Express, Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982).

Plaintiffs assert that this case and *The Berger Trust* "involve substantially similar issues and relate to the same series of events. Docket No. 5 at 5. In this case, plaintiff, derivatively on behalf of Crocs, Inc. ("Crocs"), asserts claims for breach of fiduciary duty, unjust enrichment, and insider selling. Docket No. 1 at 18-20, ¶¶ 61-75. Plaintiff alleges that certain officers and directors of Crocs made public misrepresentations regarding Crocs's inventory controls and the retail demand for HEYDUDE products. *Id*. at 2, ¶¶ 3-5; *see also* Docket No. 5 at 5.

In *The Berger Trust*, The Berger Trust, derivatively on behalf of Crocs, brings claims against certain officers and directors of Crocs arising out of the defendants' alleged misrepresentations regarding Crocs's inventory controls and retail demand for

HEYDUDE products.  *See The Berger Trust*, Docket No. 1 at 2-8, ¶¶ 3-20; *see also*
Docket No. 5 at 5.  The Berger Trust asserts claims for breach of fiduciary duty and
unjust enrichment.  *See The Berger Trust*, Docket No. 1 at 32-33, ¶¶ 94-103.

Both cases name many of the same defendants, including Andrew Rees,
Thomas Smach, Ronald Frash, Charisse Ford Hughes, Beth Kaplan, Ian Bickley,
Douglas J. Tregg, Neeraj Tolmare, Anne Mehlman, Susan Healy, and, as a nominal
defendant, Crocs.  *See* Docket No. 1 at 1; *The Berger Trust*, Docket No. 1 at 1; *see also*
Docket No. 5 at 5.  The *O'Connor* complaint additionally lists John Replogle as a
defendant, who is not named as a defendant in *The Berger Trust*.  *Compare* Docket No.
1 at 1, *with The Berger Trust*, Docket No. 1 at 1.

The Court finds that, despite there being minor differences in the claims and
named defendants, both lawsuits involve overlapping legal and factual questions, which
warrants consolidation.  *See Kayten on behalf of Molycorp, Inc. v. Bhappu*, No. 13-cv-
3155-WJM-CBS, 2013 WL 6499057, at *1 (D. Colo. Dec. 11, 2013) ("consolidation of
shareholder derivative cases such as this is common where there are overlapping
claims and defendants").  As a result, consolidation would promote judicial economy.
Moreover, the fact that opposing counsel does not oppose consolidation shows that
there is minimal possible prejudice to the parties.

**B.  Appointment of Co-Lead Counsel**

Plaintiffs move to appoint The Weiser Law Firm, P.C. ("Weiser Firm") and
Shuman Glenn and Stecker ("SGS") as Co-Lead Counsel of the consolidated action.
*See* Docket No. 5 at 6.  "The decision regarding appointment of . . . Lead Counsel is
within the discretion of the Court.  The principle that guides the Court's decision is which

counsel will best serve the interest of the [class of] plaintiffs." *Clark on Behalf of DaVita, Inc. v. Thiry*, No. 12-cv-2074-WJM-CBS, 2014 WL 4050057, at *2 (D. Colo. Jan. 7, 2014) (citation omitted). In consolidated derivative actions, courts have considered "(1) the quality of the pleadings; (2) the vigorousness of the prosecution of the lawsuits; and (3) the capabilities of counsel." *Richey v. Ells*, No. 12-cv-02635-WJM-MEH, 2013 WL 179234, at *2 (D. Colo. Jan. 17, 2013). Courts have also considered the same criteria set forth in Fed. R. Civ. P. 23(g)(1) for selecting interim class counsel, which includes "(1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1).

The Court finds that appointing the Weiser Firm and SGS as Co-Lead Counsel will best serve the interests of the plaintiffs. Both firms have extensive experience serving as lead counsel in shareholder derivative actions. *See* Docket No. 5 at 6-8. The Weiser Firm and SGS have the resources to effectively serve as Co-Lead Counsel. *See id.* The detail in the complaints indicate that both firms have investigated the potential claims in this action. *See generally* Docket No. 1; *The Berger Trust*, Docket No. 1. Furthermore, the Weiser Firm and SGS "have jointly prosecuted cases together in which they efficiently and productively collaborated to achieve great success." Docket No. 5 at 7.

Accordingly, the Court will appoint the Weiser Firm and SGS as Co-Lead Counsel.

4

For the foregoing reasons, it is

**ORDERED** that Plaintiffs' Unopposed Motion for Consolidation and Appointment of Co-Lead Counsel [Docket No. 5] is **GRANTED**.  It is further

**ORDERED** that, pursuant to Fed. R. Civ. P. 42(a) and D.C.COLO.LCivR 42.1, Civil Action Nos. 25-cv-00597-PAB-SBP and 25-cv-00576-PAB-SBP shall be consolidated.  It is further

**ORDERED** that The Weiser Law Firm, P.C. and Shuman Glenn and Stecker are designated as Co-Lead Counsel.  It is further

**ORDERED** that, as of the date of this order, all future pleadings and other filings shall be filed in this case only and shall be captioned as follows:

_____

Civil Case No. 25-cv-00576-PAB-SBP

    (Consolidated with Civil Case No. 25-cv-00597-PAB-SBP)

_____

Civil Case No. 25-cv-00576-PAB-SBP

JAMES O'CONNOR, Derivatively on behalf of Crocs, Inc.,

    Plaintiff,

v.

THOMAS J. SMACH, et al.,

    Defendants.

_____

Civil Case No. 25-cv-00597-PAB-SBP

THE BERGER TRUST,

    Plaintiff,

v.

ANDREW REES, et al.,

    Defendants.

_____

    DATED March 17, 2026.

                    BY THE COURT:

                    PHILIP A. BRIMMER
                    United States District Judge