IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

_____

Civil Case No. 25-cv-00576-PAB-SBP

(Consolidated with Civil Case No. 25-cv-00597-PAB-SBP)

_____
Civil Case No. 25-cv-00576-PAB-SBP

JAMES O'CONNOR, Derivatively on behalf of Crocs, Inc.,

Plaintiff,

v.

THOMAS J. SMACH, et al.,

Defendants.

_____
Civil Case No. 25-cv-00597-PAB-SBP

THE BERGER TRUST,

Plaintiff,

v.

ANDREW REES, et al.,

Defendants.

_____

**ORDER**

_____

This matter is before the Court on the Joint Motion to Stay Derivative Action

[Docket No. 10].  The Court has jurisdiction under 28 U.S.C. § 1332.

On February 21, 2025, plaintiff brought this derivative action on behalf of Crocs,

Inc.  Docket No. 1.  At that time, there was already a putative securities class action

pending against Crocs in the United States District Court for the District of Delaware, *Michael Anthony Carretta v. Crocs, Inc., et. al.*, No. 25-cv-00096-JLH-EGT (D. Del. Jan. 22, 2025) (the "Delaware action").  Docket No. 10 at 2, ¶ 3.  There is an overlap between the facts and circumstances of this derivative action and the Delaware action, including many of the same documents and witnesses.  *Id.*, ¶ 5.  The defendants in the Delaware action have filed a motion to dismiss.  Delaware Action, Docket No. 46.  The parties believe that the outcome of the motion to dismiss may inform the proceedings in this derivative action.  *Id.* at 3, ¶ 11.  Thus, the parties jointly filed a motion to stay the derivative action until the motion to dismiss is ruled on or until either party no longer consents to the stay.  *Id.*

A court may enter a stay of proceedings incidental to its inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Springmeadows Condo. Ass'n v. Am. Family Mut. Ins. Co.*, No. 14-cv-02199-CMA-KMT, 2014 WL 7005106, at *1 (D. Colo. Dec. 9, 2014) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)).  However, the Tenth Circuit has cautioned that "the right to proceed in court should not be denied except under the most extreme circumstances."  *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (citation omitted). Stays of all proceedings in a case are thus "generally disfavored in this District" and are considered to be "the exception rather than the rule."  *Davidson v. Bank of Am. N.A.*, No. 14-cv-01578-CMA-KMT, 2015 WL 5444308, at *1 (D. Colo. Sept. 16, 2015).  A stay may, however, be appropriate in certain circumstances.  Courts in this district consider the following factors (the "*String Cheese* factors") in determining whether a stay is

appropriate: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *Springmeadows Condo. Ass'n*, 2014 WL 7005106, at *1 (citing *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 05-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006)).

The Court finds that the *String Cheese* factors weigh in favor of a stay. The motion is jointly filed, with both sides requesting that the derivative action be stayed pending a decision on the motion to dismiss. Docket No. 10 at 3, ¶ 12. Because plaintiff wants the derivative action to be stayed, it is unlikely that staying the action would prejudice plaintiff, and plaintiff's interest in staying the derivative action appears to outweigh his interest in proceeding expeditiously. Moreover, the fact that defendants also want the derivative action to be stayed shows that any burden on defendants would be minimal.

The convenience to the Court also weighs in favor of a stay of the proceedings because a stay would conserve judicial time and resources by potentially avoiding duplicative litigation of the same issues. The Court is unaware of any interests of non-parties and therefore finds that the fourth factor is neutral. With respect to factor five, the public has an interest in the "efficient and just" resolution of legal disputes. *Thomas v. Rogers*, No. 19-cv-01612-RM-KMT, 2019 WL 5085045, at *3 (D. Colo. Oct. 10, 2019). While there is a public interest in the expeditious resolution of this case, there is also a public interest in the efficient use of judicial resources. The Court therefore finds that the fifth factor is neutral.

The Court finds that this case presents a circumstance where a stay of proceedings is warranted.  Administrative closure pursuant to D.C.COLO.LCivR 41.2 may be appropriate when a case would otherwise be stayed for an indefinite amount of time.  *See Garcia v. State Farm Mut. Fire & Cas. Co.*, No. 20-cv-02480-PAB-MEH, 2021 WL 4439792, at *6 (D. Colo. Sept. 27, 2021) (ruling that case should be administratively closed pursuant to D.C.COLO.LCivR 41.2 because the appraisal proceedings would last for an indefinite period of time).  Administrative closure is "the practical equivalent of a stay."  *sPower Dev. Co., LLC v. Colo. Pub. Utilities Comm'n*, No. 17-cv-00683-CMA-NYW, 2018 WL 5996962, at *4 (D. Colo. Nov. 15, 2018) (quoting *Quinn v. CGR*, 828 F.2d 1463, 1465 n.2 (10th Cir. 1987)).  Since this case will be stayed for an unknown period of time pending the District of Delaware ruling on the motion to dismiss, the Court finds good cause to administratively close this case pursuant to D.C.COLO.LCivR 41.2, subject to being reopened for good cause shown.  The resolution of the motion to dismiss will constitute "good cause."

Therefore, it is

**ORDERED** that the Joint Motion to Stay Derivative Action [Docket No. 10] is **GRANTED**.  It is further

**ORDERED** that, pursuant to D.C.COLO.LCivR 41.2, this case is administratively closed.  A party may move to reopen the case for good cause.  It is further

**ORDERED** that parties shall file a status report on or before **May 5, 2026**, or within **14 days** after the resolution of the motion to dismiss, whichever is earlier.

DATED March 17, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge